STATE OF MAINE *vs.* CHARLES L. BEAL.

Kennebec. Opinion January 27, 1890.

*New trial. Appeal. R. S., c. 134, § 27.*

The defendant was convicted of murder in the first degree by the superior court. He there moved for a new trial because the verdict was against law and evidence and because of newly discovered evidence. These motions were heard before the presiding justice of that court, and were overruled. From that decision of the superior court an appeal was taken to the law court under R. S., c. 134, § 27.

At the argument before this court the defendant relied on the newly discovered evidence for a new trial. It appearing to this court, that the defendant had had a fair trial, and that the testimony, taken upon the motion, in its most favorable view for the defendant tended only to discredit a single witness for the state, upon a point that may be well considered as proved by other testimony, a new trial was refused.

ON MOTION.

This was a motion for a new trial because the verdict was against law and evidence and because of newly discovered evidence. The defendant was found guilty of murder in the first degree by the superior court for Kennebec county. The presiding justice in that court after hearing, overruled the motion, and the defendant appealed to the law court.

The case is stated in the opinion.

*O. G. Hall and W. C. Philbrook,* for defendant.

1. James F. McManus, who testified at the trial that Beal was at his store inquiring for strychnine, has since confessed that he was mistaken as to the identity of the prisoner.

*Chatfield* v. *Lathrop,* 6 Pick. 417; *Hewey* v. *Nourse,* 54 Maine, 256; *Warren* v. *Hope,* 6 Maine, 479.

2. If proven that the prisoner was at the drug store, then the "low conversation" that was alluded to at the trial, but the words of which were excluded, will, when given, as we now know them, tend to reduce the degree of the crime and render the verdict different. *Anderson* v. *Titmus,* Law Times R., N. S. 711; *Vose* v. *Mayo,* 3 Cliff. 484.

*C. E. Littlefield,* attorney general, and *L. T. Carleton,* county attorney, for the state.

HASKELL, J. The accused was convicted of murder in the first degree, by the superior court in the county of Kennebec. He there moved for a new trial, because the verdict was against law and evidence, and because of evidence newly discovered, since the trial. These motions were heard before the presiding justice, and were overruled. From this decision of the superior court an appeal was taken to this court under § 27 of c. 134 of R. S.

At the bar, a new trial was urged solely upon the ground of evidence newly discovered. The motion was not pressed for any other cause; nor does the court, after a careful consideration of the whole evidence see any good reason why it should have been. The trial seems to have been a fair one. The charge of the justice was plain, and easy to be understood by the jury; and no exception

was taken to any part of it. The presiding justice, who saw the witnesses and heard them testify, refused to set aside the verdict, and there is no apparent reason why this court should interfere, and sustain an appeal from his decision.

At the trial, one McManus, an apothecary, testified, that the accused came into his shop and asked: "If I kept strychnine, I told him I did. He asked me if I would sell him some, and I refused. Then he asked me how much it would take,—how much of a dose it would take to kill a man. I told him about the same as epsom salts. He then came up to me and insisted on my selling it, and made some talk to that effect. One thing he said,—he either said his father or the old man had been playing tricks on the boys, and he would learn him better; and he made some talk that I did not take any particular notice of. In the meantime I had stepped into the floor by the side of my prescription desk, and he started out, and as he went through, he says, 'the old man will be surprised when he gets that dose.'"

It is admitted that upon a new trial, Warren C. Philbrook, an attorney for the accused, would testify that, after the trial, McManus called him into his shop and said: "I must have been mistaken in my testimony in the Beal case, as to its having been Charles Beal who was at my store and wanted to buy strychnine;" that Philbrook would further testify that McManus gave as a reason for his mistake, that, a day or two before, he met a man upon the street whom he took for Charles Beal, but who was not Charles Beal, and whom he recognized as the man that he mistook for Charles Beal in the shop.

McManus, upon the motion for a new trial, testified that it was Charles L. Beal with whom he had the conversation testified to by him on the trial, and that Mr. L. D. Carver was present; that he never told Philbrook that it was not Charles L. Beal.

Mr. L. D. Carver testified upon the trial, that he was in McManus' shop when Beal came in. He says: "They spoke to each other, apparently as if they were acquainted, and he asked McManus if he had any strychnine. He said he had. And he [Beal] said he wanted a bottle. McManus replied that he did not sell it except on prescription of a physician. Upon that, McManus came from behind the counter, round into the floor between

the two counters, and he [Beal] asked McManus, after he got round into the floor, how much a man could take of it. Mc-Manus seemed to treat it as a joke, and told him a man would not want to take more than he would for a dose of salts." Carver further testified that, attention having been attracted to him, a conversation continued between Beal and McManus in a low tone that he could not hear, only now and then catching a word; that he heard Beal say: " 'He is acting funny with us boys,' and then they had a whispered low-toned talk again, and finally he asked McManus again if he could not let him have it; and he said, 'No I cannot;' that Beal remarked as he went out in a laughing way: 'By G—d, the old man will be surprised when he gets a dose of that,' " and went out.

Carver testified, on the motion for a new trial, that he had no change to make in his testimony as to the identity of Beal; that after Beal went out from the shop, he had a conversation with McManus about what took place in the shop, and, in substance, that the impression left on his mind, from what he heard Beal say, and what McManus told him was, that Beal wanted strychnine to administer to his father for the purpose of making him sick.

The testimony taken upon the motion for a new trial, in the most favorable view that can be given to it, only tends to discredit a single witness for the state, upon a point that may well be considered as proved by other testimony. The material point is, did Beal call for strychnine at McManus' shop. Carver says he did, and McManus says so. Now, suppose McManus' testimony be laid out of the case, Carver's still remains, and properly may have been considered by the jury as sufficient evidence of the fact. The impression gained by Carver from what he heard and what McManus told him is immaterial and does not weaken his statement of facts, from which, together with the other evidence in the case, the jury drew a different inference of Beal's intent.

The court is of opinion, after a careful consideration of the whole case, that no just cause has been shown why the appeal should be sustained. It is ordered, therefore,

*Motion overruled,*
*Judgment for the State.*

Peters, C. J., Walton, Virgin, Emery and Foster, JJ., concurred.